IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED CENTRAL BANK, as assignee of Mutual Bank, ) ) ) Plaintiff-Judgment Creditor, ) ) v. ) ) SAAD SINDHU, ) ) Defendant-Judgment Debtor. ) | Case No.: 10 CV 2878 |

## MOTION TO COMPEL THE DEFENDANT-JUDGMENT DEBTOR TO EXECUTE THE INTERNAL REVENUE FORMS 4506 AND 4506T AND FOR FEES AND EXPENSES

Now comes the Plaintiff-Judgment Creditor, United Central Bank ("UCB"), by its attorneys, Daniel V. Kinsella, Schuyler, Roche & Crisham, P.C., Chicago, Illinois, and moves the Court for an Order compelling the Saad Sindhu, the Defendant-Judgment Debtor, to execute the Internal Revenue Service forms requesting copies of his tax returns and copies of the transcripts of his tax returns, and, in support thereof, states as follows:

1. United Central Bank received a judgment in its favor and against the Judgment Debtor, Saad Sindhu, on August 25, 2010. The underlying judgment arises out of a loan to Sultan Ohio, L.L.C., a company nominally owned by Saad Sindhu. Saad Sindhu personally guaranteed the note of Sultan Ohio.

2. From the date of the judgment UCB has been engaged in discovery seeking to discover assets of the Judgment Debtor through subpoenas. For a certain period of time UCB was stayed from any proceedings due to the Bankruptcy filing of the Judgment Debtor. In August, 2012 the Judgment Debtor's Bankruptcy petition was dismissed due to his failure to provide financial documents and information to the Bankruptcy Court.

833906v1

3. On August 27, 2012 UCB filed a Citation to Discover Assets on the Judgment Debtor seeking production of documents and seeking his appearance at an examination. (A copy of the Citation To Discover Assets served on Saad Sindhu is attached as Exhibit A hereto.) UCB also served a Citation To Discover Assets on Shaukat Sindhu, Saad Sindhu's father. (A copy of the Citation To Discover Assets served on Shaukat Sindhu is attached as Exhibit B hereto.) Following service, both the Judgment Debtor and Shaukat Sindhu failed to produce any documents and failed to appear for their examinations. UCB filed motions for rules to show cause why they should not be held in contempt.

4. In response to the Motion Saad Sindhu and Shaukat Sindhu appeared by counsel. Counsel stated his clients would produce the requested documents and appear for their examinations.

5. Prior to the deposition Saad Sindhu and his father, Shaukat Sindhu, produced what they claimed were all of the documents requested in their Citations. In spite of the request of UCB neither Saad Sindhu nor Shaukat Sindhu provided an affidavit stating that all documents had been produced. (A motion to compel such an affidavit was filed and continued by agreement until after the examinations.)

6. During the course of Saad Sindhu's examination he testified that he did not have any of the documents. He said that his father, Shaukat Sindhu, would know where they are. (Ex. C hereto, Saad Sindhu Tr. at pp. 18-19) (Transcript pages are attached as separate exhibits.) UCB has reason to believe that all documents were not, in fact, produced.

7. Previously, in the course of this litigation, Saad Sindhu had produced to UCB what was stated at the time was his 2009 tax return. The purported 2009 tax return produced to UCB was not signed. According to the purported 2009 tax return there were no federal taxes

due. During the course of his examination Saad Sindhu stated that he did not know whether that tax return was ever signed. He did not even know if it had been filed. (Ex. D hereto, Saad Sindhu Tr. at p. 28)

8.  He further stated that he did not know if the tax return accurately reported his income. He did not even know the source of the numbers that were reported on the 2009 tax return. (Ex. E hereto, Saad Sindhu Tr. at pp. 29-31)

9.  When it was pointed out to Saad Sindhu that there is a federal tax lien recorded in the Cook County Recorder's Office asserting a federal tax liability for 2009 of $77,346 for unpaid 2009 federal taxes, Saad Sindhu claimed ignorance. (Ex. F hereto, Saad Sindhu Tr. at pp. 44-45) He admitted, however, that, according to the Notice of Federal Tax Lien there appears to be a discrepancy between the amount of taxes due by Saad Sindhu for 2009. (*Id.*)

10.  Saad Sindhu later testified that he has filed no tax returns for the years 2010 or 2011. (Ex. G hereto, Saad Sindhu Tr. at pp. 45-46) In his deposition he stated that he earned about $18,000 per year working at a gas station. (Ex. H hereto, Saad Sindhu Tr. at p. 100)

11.  According to the Request for Documents served with the Citation Saad Sindhu was required to produce bank records for the period 2001 to the present. Saad Sindhu produced no bank records.

12.  UCB obtained some bank statements from Harris Bank in response to a subpoena served on Harris Bank. When he was first asked about the Harris Bank account Saad Sindhu tried to testify that the account was inactive. When asked: "How much money *did* you have in the Harris Bank account?" (emphasis added), Saad Sindhu testified "Zero". That account has been inactive for several years." Later, after he was shown copies of the statements produced under the subpoena, Saad Sindhu claimed he had never reviewed them, even though he admitted

they were addressed to his residence. He testified that he does not have them now because "they were probably either thrown away or misplaced or, you know, lost ...." (Ex. I hereto, Saad Sindhu Tr. at pp. 127-128)

13. According to the statements of a bank account owned by Saad Sindhu, Saad Sindhu made deposits of $260,023.88 in 2009 and $286,784.35 in 2010. In 2009 and 2010 there was a total of $546,808.23 deposited in just one bank account owned by Saad Sindhu. (Ex. J hereto, Saad Sindhu Dep. Ex. 21) In addition, according to the Harris Bank statements there were a number of checks written to Cash or to Saad Sindhu himself, and endorsed by him and a number of other checks written to pay personal creditors of Saad Sindhu, including to his attorneys. *(Id.)*

14. None of the funds deposited in the Harris Bank account are reported as income on the unsigned 2009 federal tax return provided to UCB.

15. In the month after the entry of the judgment in the instant case, August, 2010, the bulk of the funds in Saad Sindhu's Harris Bank account were deposited into another Harris Bank account nominally owned by Sadia Sindhu, Saad Sindhu's sister. Following that transfer, there were checks written and signed Sadia Sindhu which were payable to and endorsed by Saad Sindhu. (Ex. K hereto, Saad Sindhu Tr. at pp.142-144, 156, 163-171)

16. Thereafter, the account, supposedly owned by Sadia Sindhu, was used to pay expenses of Saad Sindhu, the Ohio gas stations, Shaukat Sindhu as well as to make direct payments to Saad Sindhu. (Ex. L hereto, Saad Sindhu Dep. Exhibit 21)

17. There is no evidence that the funds paid to Saad Sindhu, or paid to or for entities owned by him on his behalf were ever reported on the income tax returns of Saad Sindhu.

4

18. At the examination, the Judgment Creditor requested that Saad Sindhu execute the Internal Revenue forms 4506 and 4506T. Counsel objected to the request on the grounds that he would only consent if the request were made as a part of a "global settlement." (Ex. M. hereto, Saad Sindhu Tr. at pp. 25-27) Such an objection is not legitimate and is not permitted under the rules. Saad Sindu testified that he would not sign the forms based on the objection of this attorney.

19. Thus, Saad Sindhu's attorney is responsible for the refusal of Saad Sindhu to refuse to execute the IRS forms despite the request of the Judgment Creditor. The attorney for the Judgment Debtor should, therefore, be responsible, personally, for the fees and expenses incurred by the Judgment Creditor in bringing this motion.

20. In order to determine the full extent of the assets currently owned by Saad Sindhu and the income paid to him, the Judgment Debtor should be required to execute the Internal Revenue Forms 4506 and 4506T.

Wherefore the Judgment Creditor prays that this Court enter an order compelling the Judgment Debtor to execute the Internal Revenue Forms 4506 and 4506T and to pay the

attorneys' fees and expenses incurred in pursuing this motion. Further, Judgment Creditor prays that attorneys' fees and expenses be assessed against the attorney for the Judgment Debtor.

Respectfully submitted,

UNITED CENTRAL BANK,

By: /s/ Daniel V. Kinsella<br>One of the Attorneys for Plaintiff

Daniel V. Kinsella (ARDC No. 1468472)
Michael D. Lee (ARDC No. 6225432)
Schuyler, Roche & Crisham, P.C.
Two Prudential Plaza
180 North Stetson Avenue, Suite 3700
Chicago, Illinois 60601
(312) 565-2400 (Office)
(312) 565-8300 (Fax)