# PART 1 OF 7

# EXHIBITS A-I

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED CENTRAL BANK, as assignee of Mutual Bank, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 10 CV 2878 |
| SAAD SINDHU, | ) ) ) | |
| Defendant. | ) | |

## CITATION TO DISCOVER ASSETS TO SAAD SINDHU

To:    **Saad Sindhu**                    **Saad Sindhu**
        **32 Aburdour Court**             **6356 North Oakley Avenue, Apt. H**
        **North Barrington, IL 60010**      **Chicago, IL 60659**

**A judgment against Saad Sindhu (the "Judgment Debtor") was entered on August 25, 2010, in the amount of $4,362,230.27 (with interest continuing to accrue daily) and remains unsatisfied.**

Pursuant to Federal Rule of Civil Procedure 69(a), 735 ILCS 5/2-1402, and Illinois Supreme Court Rule 277, **YOU ARE COMMANDED** to appear at the law offices of Schuyler, Roche & Crisham, P.C., One Prudential Plaza, 130 East Randolph Street, Chicago, Illinois 60601, on September 25, 2012, at 10:00 a.m., to be examined under oath concerning any and all accounts, property, assets or income of the Judgment Debtor or in which the Judgment Debtor has any interest.

**YOU ARE COMMANDED** to produce at the examination: (i) all checking, savings, money market or other accounts, including but not limited to personal and business accounts, in which the Judgment Debtor has an interest, or has had an interest in the past ten years, including monthly statements and cancelled checks for the last five calendar years; (ii) all safety deposit boxes/vaults to which the Judgment Debtor is a signatory and/or holds keys; (iii) any trust(s) in which the Judgment Debtor has any interest; (iv) any information concerning any other property or income of the indebtedness due the Judgment Debtor; and (v) the documents and/or information requested in the attached Rider.

Please note that the examination is conditional and subject to change by Plaintiff United Central Bank based on its assessment of the completeness and status of your production of documents. On or after the date stated, the Court may compel the application of any discovered income or assets toward payment to United Central Bank.

**YOU ARE PROHIBITED** from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the Judgment Debtor or to which the Judgment Debtor may be entitled or which may be acquired by or become due to the Judgment Debtor and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to the Judgment Debtor, until further order of court or termination of the proceedings. You are not required to withhold the payment of any money beyond double the amount of the judgment.

**WARNING**: YOUR FAILURE TO APPEAR AS HEREIN DIRECTED MAY CAUSE YOU TO BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT IN THE COUNTY JAIL.

### CERTIFICATE OF ATTORNEY OR NON-ATTORNEY

Under penalties as provided by law, the undersigned certifies that the above information regarding the amount of the judgment, the date of the judgment, or its revival date, the balance due thereon, the name of the Court and the number of the case is true and correct.

| | |
|---|---|
| Date | August 27, 2012 |
| Name | Michael D. Lee |
| Firm | Schuyler Roche & Crisham, P.C. |
| Address | 130 E. Randolph, Suite 3800 |
| City, State, Zip | Chicago, IL 60601 |
| Telephone | (312) 565-2400 |
| ARDC No. | 6225432 |

_____
/s/ Michael D. Lee
Attorney for United Central Bank

**DATED:** AUG 27 2012

**ISSUED:**

Michael W. Dobbins, Clerk of the District Court

By: _____
Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED CENTRAL BANK, as assignee of Mutual Bank, )<br><br>Plaintiff, )<br><br>v. )<br><br>SAAD SINDHU, )<br><br>Defendant. ) | Case No.: 10 CV 2878 |

**CITATION NOTICE**

To:     **Saad Sindhu, 32 Aburdour Court, South Barrington, IL 60010-6125
Saad Sindhu, 6356 North Oakley Avenue, Apt. H, Chicago, IL 60659**

**Name and Address of Court:**    United States District Court for the Northern District of Illinois
219 S. Dearborn Street
Chicago, Illinois 60604

**Name of Case:**    United Central Bank, as assignee of Mutual Bank v. Saad Sindhu

**Name of Judgment Creditor:**    United Central Bank

**Name of Judgment Debtor:**    Saad Sindhu

**Addresses of Judgment Debtor:**    32 Aburdour Court, South Barrington, IL 60010-6125
6356 North Oakley Avenue, Apt. H, Chicago, IL 60659

**Name and Address of Attorney
for Judgment Creditor:**    Daniel V. Kinsella
Michael D. Lee
Schuyler, Roche & Crisham P.C.
One Prudential Plaza, Suite 3800
130 East Randolph Street
Chicago, Illinois 60601

**Amount of Judgment:**    $4,362,230.27

**Name of Person Receiving Citation: Saad Sindhu**

**Return Date:**    September 25, 2012

827060v1

**NOTICE:**     The court has issued a citation against the person named above.  The citation directs that person/entity to appear in court to be examined for the purpose of allowing the judgment creditor to discover income and assets belonging to the judgment debtor or in which the judgment debtor has an interest.  The citation was issued on the basis of a judgment against the judgment debtor in favor of the judgment creditor in the amount stated above.  On or after the date stated above, the court may compel the application of any discovered income or assets toward payment on the judgment.

The amount of income or assets that may be applied toward the judgment is limited by federal and Illinois law.   THE JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME OR ASSETS OF THE JUDGMENT DEBTOR WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE:

(1)     Under Illinois or federal law, the exemptions of personal property owned by the debtor include the debtor's equity interest, not to exceed $4,000 in value, in any personal property as chosen by the debtor; Social Security and SSI benefits; public assistance benefits; unemployment compensation benefits; worker's compensation benefits; veteran's benefits; circuit breaker property tax relief benefits; the debtor's equity interest, not to exceed $2,400 in value, in any one motor vehicle, and the debtor's equity interest, not to exceed $1,500 in value, in any implements, professional books, or tools of the trade of the debtor.

(2)     Under Illinois law, every person is entitled to an estate in homestead, when it is owned and occupied as a residence, to the extent in value of $15,000, which homestead is exempt from judgment.

(3)     Under Illinois law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 15% of gross weekly wages or (ii) the amount by which disposable earnings for a week exceed the total of 45 times the federal minimum hourly wage or after January 1, 2006, the Illinois minimum hourly wage, whichever is greater.

(4)     Under federal law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 25% of disposable earnings for a week or (ii) the amount by which disposable earnings for a week exceed 30 times the federal minimum hourly wage,

(5)     Pension and retirement benefits and refunds may be claimed as exempt under Illinois law.

The judgment debtor may have other possible exemptions under the law.

THE JUDGMENT DEBTOR HAS THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH.  The judgment debtor also has the right to seek a declaration at an earlier date, by notifying the clerk in writing at the Federal Courthouse, 219 S. Dearborn Street Chicago, Illinois 60604.  When so notified, the Clerk of the Court will obtain a prompt hearing date from the court and will provide the necessary forms that must be prepared by the judgment debtor or the attorney for the judgment debtor and sent to the judgment creditor and the judgment creditor's attorney regarding the time and location of the hearing.  This notice may be sent by regular first class mail.

**CERTIFICATION OF MAILING BY JUDGMENT CREDITOR
OR ATTORNEY FOR JUDGMENT CREDITOR**

Under penalties as provided by law, the undersigned certifies that he mailed by regular first-class mail a copy of the citation notice and this citation to defendants at the addresses shown below upon filing of the citation within three business days of service.


_____ /s/ Michael D. Lee _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

UNITED CENTRAL BANK, as assignee )
of Mutual Bank, )
 )
   Plaintiff, )
 )
   v. )
 )  Case No. 10 CV 2878
SAAD SINDHU, )
 )
   Defendant. )

### RIDER TO CITATION TO DISCOVER ASSETS

### DEFINITIONS

 A. The term "Saad" as used herein means and includes Saad Shaukat Sindhu and his aliases (Adnan Saad Virani, Adnan Virani, Adnan Viranisindhu and Fad Sindhu) and includes all his employees, agents, and representatives or other persons believed to have acted on his behalf.

 B. The term "Shaukat" as used herein means and includes Shaukat M. Sindhu and includes all his employees, agents, and representatives or other persons believed to have acted on his behalf.

 C. The term "Iqbal" as used herein means and includes Tahir Iqbal and includes all of his employees, agents, and representatives or other persons believed to have acted on his behalf.

 D. The term "Mutual Bank" as used herein means Mutual Bank, an Illinois banking corporation, and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

 E. The term "Sultan Iowa" as used herein means Sultan Petroleum of Iowa, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

1

F.     The term "Sultan Illinois" as used herein means Sultan Petroleum of Illinois, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

G.     The term "Galena Heights" as used herein means Galena Heights, LLC and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

H.     The term "Galena Meadows" as used herein means Galena Meadows, LLC and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

I.     The term "Shazil International" as used herein means Shazil International and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

J.     The term "11th Street Rockford Inc." as used herein means 11th Street Rockford Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

K.     The term "Hillcrest & First DeKalb, Inc." as used herein means Hillcrest & First DeKalb, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

L.     The term "1740 Lincoln Dekalb, Inc." as used herein means 1740 Lincoln Dekalb, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

M.     The term "Sultan Petroleum" as used herein means Sultan Petroleum, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

N.     The term "Northeast Properties" as used herein means Northeast Ohio Properties, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

O.     The term "Sultan Mining" as used herein means Sultan Mining Industries, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

P.     The term "Allstate Petroleum" as used herein means Allstate Petroleum, LLC and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

Q.     The term "3546 Markham, Inc." as used herein means 3546 Markham, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

R.     The term "Allstate Petro Inc." as used herein means Allstate Petro Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

S.     The term "Bismillah Group USA Inc." as used herein means Bismillah Group USA Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

T.     The term "JI 2 Corp." as used herein means JI 2 Corp. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

U.     The term "M&M Lube, Inc." as used herein means M&M Lube, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

V.     The term "M&M Quick Lube" as used herein means M&M Quick Lube and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

W.     The term "Markham Mobil" as used herein means Markham Mobil and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

X.     The term "McQuaid Transportation, Inc." as used herein means McQuaid Transportation, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

Y.     The term "McQuaid Distribution & Marketing, Inc." as used herein means McQuaid Distribution & Marketing, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

3

Z.      The term "McQuaids, Inc." as used herein means McQuaids, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

AA.     The term "Rescom International" as used herein means Rescom International and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it

BB.     The term "S & K Petroleum, LLC" as used herein means S & K Petroleum, LLC and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

CC.     The term "Saad Hotel Corporation" as used herein means Saad Hotel Corporation and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

DD.     The term "Shazil International" as used herein means Shazil International and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

EE.     The term "Sultan Enterprises, Inc." as used herein means Sultan Enterprises, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

FF.     The term "Sultan Ohio, L.L.C." as used herein means Sultan Ohio, L.L.C. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

GG.     The term "Sultan Petro" as used herein means Sultan Petro and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

HH.     The term "US Hotel Corporation" as used herein means US Hotel Corporation and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

II.     The term "Wil Marathon" as used herein means Wil Marathon and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

JJ.     The term "Helix Precision, Inc." as used herein means Helix Precision, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

4

KK. The term "Harvard Business Help, Inc." as used herein means Harvard Business Help, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

LL. The term "786 ASI Properties, Inc." as used herein means 786 ASI Properties Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

MM. The term "GMS USA, Inc." as used herein means GMS ASI, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

NN. The term "Saad Hotel, Inc." as used herein means Saad Hotel, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

OO. The term "Northeast Ohio Properties, Inc." as used herein means Northeast Ohio Properties, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

PP. The term "Warren Petro, Inc." as used herein means Warren Petro, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

QQ. The term "Ellsworth Petro, Inc." as used herein means Ellsworth Petro, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

RR. The term "SFS Properties, Inc." as used herein means SFS Properties, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

SS. The term "Noor Petroleum Inc." as used herein means Noor Petroleum Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

TT. The term "Noor Holdings Inc." as used herein means Noor Holdings Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

UU. The term "Girard Petro Inc." as used herein means Girard Petro Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

VV.    The term "All State Petroleum LLC" as used herein means All State Petroleum LLC and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

WW.    The term "1740 Lincoln Dekalb Inc." as used herein means 1740 Lincoln Dekalb Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

XX.    The term "Sultan Petroleum of Illinois, Inc." as used herein means Sultan Petroleum of Illinois, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

YY.    The term "11th Street Petroleum Rockford Inc." as used herein means 11th Street Petroleum Rockford Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

ZZ.    The term "Hillcrest & First DeKalb Inc." as used herein means Hillcrest & First DeKalb Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

AAA.    The term "Euro American Realty Investors, Inc." as used herein means Euro American Realty Investors, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

BBB.    The term "Noor Petroleum Inc. as used herein means Noor Petroleum Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

CCC.    "Document" is defined in the broadest possible sense and shall mean all written, printed, electronic, typed, transcribed, punched, filmed, photographed, taped or other graphic matter or electronic data of every kind and description whatsoever, however produced or reproduced, from which information can be obtained, within your possession or subject to your control or right of control, and shall include all drafts and non-identical copies of documents, including without limitation, any paper, electronic mail, electronic file, data file, computer file, PDA file, book, account, photograph, negative, blueprint, drawing, sketch, schematic, agreement, contract, memorandum, press release, circular, advertising material, correspondence, letter, telegram, telex, email, object, report, opinion, investigation, record, audio tape, video tape, recorded data, transcript, hearing, meeting, study, note, notation, working paper, summary, intra-office communication, diary, chart, minute, index sheet, computer software, check, check stub, delivery ticket, bill of lading, invoice, record or

6

recording or summary of any telephone or other conversation, or of any interview or of any conference.

DDD. The phrase "electronically stored information" shall mean any type of information contained in electronic format that is stored, maintained, saved, utilized or memorialized in electronic devices, including, but not limited to, computers, blackberrys®, personal digital accessories, palm trios, cellular phones, smartphones, optical disks, CD's, DVD's, zip drives, and memory sticks.

EEE. "Communication" and "Communications" shall have the broadest possible meaning and shall include, without limitation, any oral, written or electronic transmission or exchange of information of any kind, in any form and by any means, or request for information made from one person to another person (in the form of facts, ideas, inquiries, opinions, beliefs or otherwise), by any written, oral, electronic or other means, including without limitation discussions, conversations, telephone calls, electronic mail messages, memoranda, letters, telecopies, telefaxes, telexes, messages, notes, videotapes, and/or photographs.

FFF. "Concerning" means constituting, commemorating, summarizing, evidencing, demonstrating, reflecting, referring to, relating to, containing, studying, analyzing, considering, explaining, mentioning, showing, embodying, discussing, describing, depicting, illustrating, recording, commenting upon, or resulting from.

GGG. The use of the singular form of any word shall be deemed to include the plural and vice versa. Words in the masculine, feminine or neuter shall include each of the other genders. The terms "all" and "each" shall be construed as "all and each." The terms "and" and "or" shall be construed conjunctively and disjunctively to mean "and/or." The above definitions are intended to make the Document Requests inclusive rather than exclusive.

## INSTRUCTIONS

A.     These Document Requests are continuing and, to the extent that your Responses hereto should be supplemented, enlarged, diminished, or otherwise modified by information or Documents acquired by you or any other person acting on your behalf subsequent to the filing of your initial Responses, you are requested to serve promptly thereafter supplemental Responses reflecting such changes.

B.     With respect to any information and/or document(s) which may be withheld on the basis of a claim of privilege, a statement shall be provided by counsel, signed by one or more of its attorneys, setting forth as to such information:

(1)     The nature of the privilege claimed:
(2)     The name(s) of any persons privy to the communication as to which the privilege is asserted;

7

(3) The job title or position of every person named in response to (2), above;

(4) The date of the communication;

(5) A brief description of the nature and the general subject matter of the communication;

(6) If the privilege claimed is the attorney-client privilege, a representation that the communication pertained to the provision of legal advice by an attorney to a client.

C. Unless indicated otherwise in a specific Document Request, the timeframe of each Document Request is from January 1, 2001 until the present.

## DOCUMENT REQUESTS

1. All checking, savings, money market or other accounts, including but not limited to personal and business accounts, in which Saad has an interest, or has had an interest in the past ten years, including monthly statements and cancelled checks for the last five calendar years.

2. All safety deposit boxes/vaults to which the Saad is a signatory and/or holds keys.

3. Any information concerning any other property owned by Saad or income due to Saad.

4. All documents and communications concerning Shaukat.

5. All documents and communications concerning Sultan Illinois.

6. All documents and communications concerning Sultan Iowa.

7. All documents and communications concerning Galena Heights.

8. All documents and communications concerning Galena Meadows.

9. All documents and communications concerning Shazil International.

10. All documents and communications concerning 11th Street Rockford Inc.

826840V1

11.     All documents and communications concerning Hillcrest & First DeKalb, Inc.

12.     All documents and communications concerning 1740 Lincoln Dekalb, Inc.

13.     All documents and communications concerning Sultan Petroleum.

14.     All documents and communications concerning Northeast Properties.

15.     All documents and communications concerning Sultan Mining.

16.     All documents and communications concerning Allstate Petroleum.

17.     All documents and communications concerning 3546 Markham, Inc.

18.     All documents and communications concerning Allstate Petro Inc.

19.     All documents and communications concerning Bismillah Group USA Inc.

20.     All documents and communications concerning JI 2 Corp.

21.     All documents and communications concerning M&M Lube, Inc.

22.     All documents and communications concerning M&M Quick Lube.

23.     All documents and communications concerning Markham Mobil.

24.     All documents and communications concerning McQuaid Transportation, Inc.

25.     All documents and communications concerning McQuaid Distribution & Marketing, Inc.

26.     All documents and communications concerning McQuaids, Inc.

27.     All documents and communications concerning Rescom International.

28.     All documents and communications concerning S & K Petroleum, LLC.

29.     All documents and communications concerning Saad Hotel Corporation.

30.     All documents and communications concerning Shazil International.

826840V1

31. All documents and communications concerning Sultan Enterprises, Inc.

32. All documents and communications concerning Sultan Ohio, L.L.C.

33. All documents and communications concerning Sultan Petro.

34. All documents and communications concerning US Hotel Corporation.

35. All documents and communications concerning Wil Marathon.

36. All documents and communications concerning Helix Precision, Inc.

37. All documents and communications concerning Harvard Business Help, Inc.

38. All documents and communications concerning 786 ASI Properties, Inc.

39. All documents and communications concerning GMS USA, Inc.

40. All documents and communications concerning Saad Hotel, Inc.

41. All documents and communications concerning Allstate Petro Inc.

42. All documents and communications concerning Northeast Ohio Properties, Inc.

43. All documents and communications concerning Warren Petro, Inc.

44. All documents and communications concerning Ellsworth Petro, Inc.

45. All documents and communications concerning SFS Properties, Inc.

46. All documents and communications concerning Noor Petroleum Inc.

47. All documents and communications concerning Noor Holdings Inc.

48. All documents and communications concerning Girard Petro Inc.

49. All documents and communications concerning All State Petroleum LLC.

50. All documents and communications concerning 740 Lincoln DeKalb Inc.

51. All documents and communications concerning 11th Street Petroleum Rockford Inc.

826840V1

52.    All documents and communications concerning Hillcrest & DeKalb Inc.

53.    All documents and communications concerning Euro American Realty Investors, Inc.

54.    All documents and communications concerning Noor Petroleum Inc.

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED CENTRAL BANK, as assignee of Mutual Bank, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 10 CV 2878 |
| SAAD SINDHU, | ) ) | |
| Defendant. | ) ) ) | |

**CITATION TO DISCOVER ASSETS TO SHAUKAT SINDHU**

To:   **Shaukat Sindhu
32 Aburdour Court
North Barrington, IL 60010**

**A judgment against Saad Sindhu (the "Judgment Debtor") was entered on August 25, 2010, in the amount of $4,362,230.27 (with interest continuing to accrue daily) and remains unsatisfied.**

Pursuant to Federal Rule of Civil Procedure 69(a), 735 ILCS 5/2-1402, and Illinois Supreme Court Rule 277, **YOU ARE COMMANDED** to appear at the law offices of Schuyler, Roche & Crisham, P.C., One Prudential Plaza, 130 East Randolph Street, Chicago, Illinois 60601, on September 25, 2012, at 2:00 p.m., to be examined under oath concerning any and all accounts, property, assets or income of the Judgment Debtor or in which the Judgment Debtor has any interest.

**YOU ARE COMMANDED** to produce at the examination: (i) all checking, savings, money market or other accounts, including but not limited to personal and business accounts, in which the Judgment Debtor has an interest, or has had an interest in the past ten years, including monthly statements and cancelled checks for the last five calendar years; (ii) all safety deposit boxes/vaults to which the Judgment Debtor is a signatory and/or holds keys; (iii) any trust(s) in which the Judgment Debtor has any interest; (iv) any information concerning any other property or income of the indebtedness due the Judgment Debtor; and (v) the documents and/or information requested in the attached Rider.

Please note that the examination is conditional and subject to change by Plaintiff United Central Bank based on its assessment of the completeness and status of your production of documents. On or after the date stated, the Court may compel the application of any discovered income or assets toward payment to United Central Bank.

827064v1

**YOU ARE PROHIBITED** from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the Judgment Debtor or to which the Judgment Debtor may be entitled or which may be acquired by or become due to the Judgment Debtor and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to the Judgment Debtor, until further order of court or termination of the proceedings. You are not required to withhold the payment of any money beyond double the amount of the judgment.

**WARNING**: YOUR FAILURE TO APPEAR AS HEREIN DIRECTED MAY CAUSE YOU TO BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT.

### CERTIFICATE OF ATTORNEY OR NON-ATTORNEY

Under penalties as provided by law, the undersigned certifies that the above information regarding the amount of the judgment, the date of the judgment, or its revival date, the balance due thereon, the name of the Court and the number of the case is true and correct.

| | |
|---|---|
| Date | August 27, 2012 |
| Name | Michael D. Lee |
| Firm | Schuyler Roche & Crisham, P.C. |
| Address | 130 E. Randolph, Suite 3800 |
| City, State, Zip | Chicago, IL 60601 |
| Telephone | (312) 565-2400 |
| ARDC No. | 6225432 |

/s/ Michael D. Lee
Attorney for United Central Bank

AUG 2 7 2012

**ISSUED:**

**DATED:** _____

Michael W. Dobbins, Clerk of the District Court

By: _Sheleeia C. Scott_
Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

UNITED CENTRAL BANK, as assignee )
of Mutual Bank, )
                                 )
       Plaintiff, )
                                   )
       v. )
                                   )    Case No.: 10 CV 2878
SAAD SINDHU, )
                                   )
       Defendant. )

**CITATION NOTICE**

To:      **Saad Sindhu, 32 Aburdour Court, South Barrington, IL 60010-6125
Saad Sindhu, 6356 North Oakley Avenue, Apt. H, Chicago, IL 60659**

**Name and Address of Court:**    United States District Court for the Northern District of
Illinois
219 S. Dearborn Street
Chicago, Illinois 60604

**Name of Case:**    United Central Bank, as assignee of Mutual Bank v. Saad
Sindhu

**Name of Judgment Creditor:**    United Central Bank

**Name of Judgment Debtor:**    Saad Sindhu

**Addresses of Judgment Debtor:**    32 Aburdour Court, South Barrington, IL 60010-6125
6356 North Oakley Avenue, Apt. H, Chicago, IL 60659

**Name and Address of Attorney
for Judgment Creditor:**    Daniel V. Kinsella
Michael D. Lee
Schuyler, Roche & Crisham P.C.
One Prudential Plaza, Suite 3800
130 East Randolph Street
Chicago, Illinois 60601

**Amount of Judgment:**    $4,362,230.27

**Name of Person Receiving Citation: Shaukat Sindhu**

**Return Date:**    September 25, 2012

827064v1

**NOTICE:**     The court has issued a citation against the person named above.  The citation directs that person/entity to appear in court to be examined for the purpose of allowing the judgment creditor to discover income and assets belonging to the judgment debtor or in which the judgment debtor has an interest.  The citation was issued on the basis of a judgment against the judgment debtor in favor of the judgment creditor in the amount stated above.  On or after the date stated above, the court may compel the application of any discovered income or assets toward payment on the judgment.

The amount of income or assets that may be applied toward the judgment is limited by federal and Illinois law.   THE JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME OR ASSETS OF THE JUDGMENT DEBTOR WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE:

(1)     Under Illinois or federal law, the exemptions of personal property owned by the debtor include the debtor's equity interest, not to exceed $4,000 in value, in any personal property as chosen by the debtor;  Social Security and SSI benefits;  public assistance benefits;  unemployment compensation benefits;  worker's compensation benefits;  veteran's benefits;  circuit breaker property tax relief benefits;  the debtor's equity interest, not to exceed $2,400 in value, in any one motor vehicle, and the debtor's equity interest, not to exceed $1,500 in value, in any implements, professional books, or tools of the trade of the debtor.

(2)     Under Illinois law, every person is entitled to an estate in homestead, when it is owned and occupied as a residence, to the extent in value of $15,000, which homestead is exempt from judgment.

(3)     Under Illinois law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 15% of gross weekly wages or (ii) the amount by which disposable earnings for a week exceed the total of 45 times the federal minimum hourly wage or after January 1, 2006, the Illinois minimum hourly wage, whichever is greater.

(4)     Under federal law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 25% of disposable earnings for a week or (ii) the amount by which disposable earnings for a week exceed 30 times the federal minimum hourly wage,

(5)     Pension and retirement benefits and refunds may be claimed as exempt under Illinois law.

The judgment debtor may have other possible exemptions under the law.

THE JUDGMENT DEBTOR HAS THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH.  The judgment debtor also has the right to seek a declaration at an earlier date, by notifying the clerk in writing at the Federal Courthouse, 219 S. Dearborn Street Chicago, Illinois 60604.  When so notified, the Clerk of the Court will obtain a prompt hearing date from the court and will provide the necessary forms that must be prepared by the judgment debtor or the attorney for the judgment debtor and sent to the judgment creditor and the judgment creditor's attorney regarding the time and location of the hearing.  This notice may be sent by regular first class mail.

## CERTIFICATION OF MAILING BY JUDGMENT CREDITOR
## OR ATTORNEY FOR JUDGMENT CREDITOR

Under penalties as provided by law, the undersigned certifies that he mailed by regular first-class mail a copy of the citation notice and this citation to defendants at the addresses shown below upon filing of the citation within three business days of service upon the Third Party Respondent.

/s/ Michael D. Lee

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

UNITED CENTRAL BANK, as assignee    )
of Mutual Bank,    )
    )
       Plaintiff,    )
    )
       v.    )
    )    Case No. 10 CV 2878
SAAD SINDHU,    )
    )
       Defendant.    )

## RIDER TO CITATION TO DISCOVER ASSETS

### DEFINITIONS

A.    The term "Saad" as used herein means and includes Saad Shaukat Sindhu and his aliases (Adnan Saad Virani, Adnan Virani, Adnan Viranisindhu and Fad Sindhu) and includes all his employees, agents, and representatives or other persons believed to have acted on his behalf.

B.    The term "Shaukat" as used herein means and includes Shaukat M. Sindhu and includes all his employees, agents, and representatives or other persons believed to have acted on his behalf.

C.    The term "Iqbal" as used herein means and includes Tahir Iqbal and includes all of his employees, agents, and representatives or other persons believed to have acted on his behalf.

D.    The term "Mutual Bank" as used herein means Mutual Bank, an Illinois banking corporation, and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

E.    The term "Sultan Iowa" as used herein means Sultan Petroleum of Iowa, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

1

F.     The term "Sultan Illinois" as used herein means Sultan Petroleum of Illinois, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

G.     The term "Galena Heights" as used herein means Galena Heights, LLC and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

H.     The term "Galena Meadows" as used herein means Galena Meadows, LLC and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

I.     The term "Shazil International" as used herein means Shazil International and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

J.     The term "11th Street Rockford Inc." as used herein means 11th Street Rockford Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

K.     The term "Hillcrest & First DeKalb, Inc." as used herein means Hillcrest & First DeKalb, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

L.     The term "1740 Lincoln Dekalb, Inc." as used herein means 1740 Lincoln Dekalb, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

M.     The term "Sultan Petroleum" as used herein means Sultan Petroleum, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

N.     The term "Northeast Properties" as used herein means Northeast Ohio Properties, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

O.     The term "Sultan Mining" as used herein means Sultan Mining Industries, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

P.     The term "Allstate Petroleum" as used herein means Allstate Petroleum, LLC and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

Q.     The term "3546 Markham, Inc." as used herein means 3546 Markham, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

R.     The term "Allstate Petro Inc." as used herein means Allstate Petro Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

S.     The term "Bismillah Group USA Inc." as used herein means Bismillah Group USA Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

T.     The term "JI 2 Corp." as used herein means JI 2 Corp. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

U.     The term "M&M Lube, Inc." as used herein means M&M Lube, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

V.     The term "M&M Quick Lube" as used herein means M&M Quick Lube and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

W.     The term "Markham Mobil" as used herein means Markham Mobil and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

X.     The term "McQuaid Transportation, Inc." as used herein means McQuaid Transportation, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

Y.     The term "McQuaid Distribution & Marketing, Inc." as used herein means McQuaid Distribution & Marketing, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

Z.      The term "McQuaids, Inc." as used herein means McQuaids, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

AA.     The term "Rescom International" as used herein means Rescom International and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it

BB.     The term "S & K Petroleum, LLC" as used herein means S & K Petroleum, LLC and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

CC.     The term "Saad Hotel Corporation" as used herein means Saad Hotel Corporation and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

DD.     The term "Shazil International" as used herein means Shazil International and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

EE.     The term "Sultan Enterprises, Inc." as used herein means Sultan Enterprises, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

FF.     The term "Sultan Ohio, L.L.C." as used herein means Sultan Ohio, L.L.C. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

GG.     The term "Sultan Petro" as used herein means Sultan Petro and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

HH.     The term "US Hotel Corporation" as used herein means US Hotel Corporation and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

II.     The term "Wil Marathon" as used herein means Wil Marathon and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

JJ.     The term "Helix Precision, Inc." as used herein means Helix Precision, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

KK. The term "Harvard Business Help, Inc." as used herein means Harvard Business Help, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

LL. The term "786 ASI Properties, Inc." as used herein means 786 ASI Properties Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

MM. The term "GMS USA, Inc." as used herein means GMS ASI, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

NN. The term "Saad Hotel, Inc." as used herein means Saad Hotel, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

OO. The term "Northeast Ohio Properties, Inc." as used herein means Northeast Ohio Properties, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

PP. The term "Warren Petro, Inc." as used herein means Warren Petro, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

QQ. The term "Ellsworth Petro, Inc." as used herein means Ellsworth Petro, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

RR. The term "SFS Properties, Inc." as used herein means SFS Properties, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

SS. The term "Noor Petroleum Inc." as used herein means Noor Petroleum Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

TT. The term "Noor Holdings Inc." as used herein means Noor Holdings Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

UU. The term "Girard Petro Inc." as used herein means Girard Petro Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

VV.    The term "All State Petroleum LLC" as used herein means All State Petroleum LLC and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

WW.    The term "1740 Lincoln Dekalb Inc." as used herein means 1740 Lincoln Dekalb Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

XX.    The term "Sultan Petroleum of Illinois, Inc." as used herein means Sultan Petroleum of Illinois, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

YY.    The term "11th Street Petroleum Rockford Inc." as used herein means 11th Street Petroleum Rockford Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

ZZ.    The term "Hillcrest & First DeKalb Inc." as used herein means Hillcrest & First DeKalb Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

AAA.    The term "Euro American Realty Investors, Inc." as used herein means Euro American Realty Investors, Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

BBB.    The term "Noor Petroleum Inc. as used herein means Noor Petroleum Inc. and each of its corporate predecessors, successors, parent organizations, subsidiaries, affiliates, officers, directors, employees, agents and any other person who acted on behalf of it.

CCC.    "Document" is defined in the broadest possible sense and shall mean all written, printed, electronic, typed, transcribed, punched, filmed, photographed, taped or other graphic matter or electronic data of every kind and description whatsoever, however produced or reproduced, from which information can be obtained, within your possession or subject to your control or right of control, and shall include all drafts and non-identical copies of documents, including without limitation, any paper, electronic mail, electronic file, data file, computer file, PDA file, book, account, photograph, negative, blueprint, drawing, sketch, schematic, agreement, contract, memorandum, press release, circular, advertising material, correspondence, letter, telegram, telex, email, object, report, opinion, investigation, record, audio tape, video tape, recorded data, transcript, hearing, meeting, study, note, notation, working paper, summary, intra-office communication, diary, chart, minute, index sheet, computer software, check, check stub, delivery ticket, bill of lading, invoice, record or

6

recording or summary of any telephone or other conversation, or of any interview or of any conference.

DDD. The phrase "electronically stored information" shall mean any type of information contained in electronic format that is stored, maintained, saved, utilized or memorialized in electronic devices, including, but not limited to, computers, blackberrys®, personal digital accessories, palm trios, cellular phones, smartphones, optical disks, CD's, DVD's, zip drives, and memory sticks.

EEE. "Communication" and "Communications" shall have the broadest possible meaning and shall include, without limitation, any oral, written or electronic transmission or exchange of information of any kind, in any form and by any means, or request for information made from one person to another person (in the form of facts, ideas, inquiries, opinions, beliefs or otherwise), by any written, oral, electronic or other means, including without limitation discussions, conversations, telephone calls, electronic mail messages, memoranda, letters, telecopies, telefaxes, telexes, messages, notes, videotapes, and/or photographs.

FFF. "Concerning" means constituting, commemorating, summarizing, evidencing, demonstrating, reflecting, referring to, relating to, containing, studying, analyzing, considering, explaining, mentioning, showing, embodying, discussing, describing, depicting, illustrating, recording, commenting upon, or resulting from.

GGG. The use of the singular form of any word shall be deemed to include the plural and vice versa. Words in the masculine, feminine or neuter shall include each of the other genders. The terms "all" and "each" shall be construed as "all and each." The terms "and" and "or" shall be construed conjunctively and disjunctively to mean "and/or." The above definitions are intended to make the Document Requests inclusive rather than exclusive.

## INSTRUCTIONS

A. These Document Requests are continuing and, to the extent that your Responses hereto should be supplemented, enlarged, diminished, or otherwise modified by information or Documents acquired by you or any other person acting on your behalf subsequent to the filing of your initial Responses, you are requested to serve promptly thereafter supplemental Responses reflecting such changes.

B. With respect to any information and/or document(s) which may be withheld on the basis of a claim of privilege, a statement shall be provided by counsel, signed by one or more of its attorneys, setting forth as to such information:

      (1)    The nature of the privilege claimed:
      (2)    The name(s) of any persons privy to the communication as to which the privilege is asserted;

(3)     The job title or position of every person named in response to (2), above;

(4)     The date of the communication;

(5)     A brief description of the nature and the general subject matter of the communication;

(6)     If the privilege claimed is the attorney-client privilege, a representation that the communication pertained to the provision of legal advice by an attorney to a client.

C.     Unless indicated otherwise in a specific Document Request, the timeframe of each Document Request is from January 1, 2001 until the present.

## DOCUMENT REQUESTS

1.     All checking, savings, money market or other accounts, including but not limited to personal and business accounts, in which Saad has an interest, or has had an interest in the past ten years, including monthly statements and cancelled checks for the last five calendar years.

2.     All safety deposit boxes/vaults to which the Saad is a signatory and/or holds keys.

3.     Any information concerning any other property owned by Saad or income due to Saad.

4.     All documents and communications concerning Shaukat.

5.     All documents and communications concerning Sultan Illinois.

6.     All documents and communications concerning Sultan Iowa.

7.     All documents and communications concerning Galena Heights.

8.     All documents and communications concerning Galena Meadows.

9.     All documents and communications concerning Shazil International.

10.     All documents and communications concerning 11th Street Rockford Inc.

8

11. All documents and communications concerning Hillcrest & First DeKalb, Inc.

12. All documents and communications concerning 1740 Lincoln Dekalb, Inc.

13. All documents and communications concerning Sultan Petroleum.

14. All documents and communications concerning Northeast Properties.

15. All documents and communications concerning Sultan Mining.

16. All documents and communications concerning Allstate Petroleum.

17. All documents and communications concerning 3546 Markham, Inc.

18. All documents and communications concerning Allstate Petro Inc.

19. All documents and communications concerning Bismillah Group USA Inc.

20. All documents and communications concerning JI 2 Corp.

21. All documents and communications concerning M&M Lube, Inc.

22. All documents and communications concerning M&M Quick Lube.

23. All documents and communications concerning Markham Mobil.

24. All documents and communications concerning McQuaid Transportation, Inc.

25. All documents and communications concerning McQuaid Distribution & Marketing, Inc.

26. All documents and communications concerning McQuaids, Inc.

27. All documents and communications concerning Rescom International.

28. All documents and communications concerning S & K Petroleum, LLC.

29. All documents and communications concerning Saad Hotel Corporation.

30. All documents and communications concerning Shazil International.

826840V1

31.    All documents and communications concerning Sultan Enterprises, Inc.

32.    All documents and communications concerning Sultan Ohio, L.L.C.

33.    All documents and communications concerning Sultan Petro.

34.    All documents and communications concerning US Hotel Corporation.

35.    All documents and communications concerning Wil Marathon.

36.    All documents and communications concerning Helix Precision, Inc.

37.    All documents and communications concerning Harvard Business Help, Inc.

38.    All documents and communications concerning 786 ASI Properties, Inc.

39.    All documents and communications concerning GMS USA, Inc.

40.    All documents and communications concerning Saad Hotel, Inc.

41.    All documents and communications concerning Allstate Petro Inc.

42.    All documents and communications concerning Northeast Ohio Properties, Inc.

43.    All documents and communications concerning Warren Petro, Inc.

44.    All documents and communications concerning Ellsworth Petro, Inc.

45.    All documents and communications concerning SFS Properties, Inc.

46.    All documents and communications concerning Noor Petroleum Inc.

47.    All documents and communications concerning Noor Holdings Inc.

48.    All documents and communications concerning Girard Petro Inc.

49.    All documents and communications concerning All State Petroleum LLC.

50.    All documents and communications concerning 740 Lincoln DeKalb Inc.

51.    All documents and communications concerning 11th Street Petroleum Rockford Inc.

826840V1

52.     All documents and communications concerning Hillcrest & DeKalb Inc.

53.     All documents and communications concerning Euro American Realty Investors, Inc.

54.     All documents and communications concerning Noor Petroleum Inc.

826840V1

# EXHIBIT C

```
 1              IN THE UNITED STATES DISTRICT COURT
 2           FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION
 3
 4    UNITED CENTRAL BANK, as      )
      assignee of Mutual Bank,     )
 5                                 )
              Plaintiff,           )
 6                                 )
              vs.                  )  No. 10 CV 2878
 7                                 )
      SAAD SINDHU,                 )
 8                                 )
              Defendant.           )
 9
10
11
12              The deposition of SAAD SINDHU, called by
13    the Plaintiff for examination, taken pursuant to
14    notice and pursuant to the Federal Rules of
15    Civil Procedure for the United States District
16    Courts pertaining to the taking of depositions,
17    taken before Donna T. Wadlington, a Certified
18    Shorthand Reporter, at 130 East Randolph Street,
19    Suite 3800, Chicago, Illinois, on the 14th day
20    of November, 2012, commencing at approximately
21    the hour of 10:15 a.m.
22
23
24
```

1    closed, you were the sole member of Sultan Ohio,

2    LLC, correct?

3        A.    Yes.

4        Q.    Were you the owner or an officer of

5    any other company listed in this request?

6                    Go over the list.  Go over the

7    list of paragraphs 5 through 54 and identify any

8    other companies in which you were the owner or

9    an officer or performed any services.

10       A.    I see several names here that I've

11   seen in documents in the past.  I do not know

12   which companies I had or did not have interest

13   in at the time.

14       Q.    You have an interest in, for instance,

15   Galena Meadows, paragraph 8?

16       A.    I don't know if I did or not.

17       Q.    Do you have any documents at all that

18   would refresh your recollection?

19       A.    I have no documents here in my

20   possession, at home, in my car, anywhere.

21       Q.    Those documents are all in the

22   possession of your father.  Is that your

23   testimony?

24       A.    My father would know where those

1  documents are, if we have them.  I'm not saying

2  we have them.  I don't know where they are

3  though.  Personally I don't know where any of

4  these documents are.

5       Q.  Prior to your address at Aburdour

6  Court, what addresses have you had?

7       A.  5 Tewkesbury Lane.

8       Q.  Just a minute.  5 Tewkesbury?

9       A.  Yes.  T-e-w-k-e-s-b-u-r-y Lane.

10       Q.  And what --

11       A.  That was in South Barrington,

12  Illinois.

13       Q.  South Barrington?

14       A.  Yes, sir.

15       Q.  And what years did you reside at

16  5 Tewkesbury?

17       A.  From July 2008 until March of 2011 to

18  the best of my knowledge to what I can remember.

19       Q.  Okay.  Then it would be your testimony

20  that from March 2011 until present you reside at

21  32 Aburdour Court?

22       A.  Right.

23       Q.  Okay.  Prior to Tewkesbury where did

24  you reside?

# EXHIBIT D

```
 1              IN THE UNITED STATES DISTRICT COURT
 2          FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION
 3
 4    UNITED CENTRAL BANK, as      )
      assignee of Mutual Bank,     )
 5                                 )
              Plaintiff,           )
 6                                 )
              vs.                  )  No. 10 CV 2878
 7                                 )
      SAAD SINDHU,                 )
 8                                 )
              Defendant.           )
 9
10
11
12           The deposition of SAAD SINDHU, called by
13    the Plaintiff for examination, taken pursuant to
14    notice and pursuant to the Federal Rules of
15    Civil Procedure for the United States District
16    Courts pertaining to the taking of depositions,
17    taken before Donna T. Wadlington, a Certified
18    Shorthand Reporter, at 130 East Randolph Street,
19    Suite 3800, Chicago, Illinois, on the 14th day
20    of November, 2012, commencing at approximately
21    the hour of 10:15 a.m.
22
23
24
```

```
1        Q.   From what year?

2        A.   For 2009.

3        Q.   Is it signed?

4             MR. SCHWAB:  Second page.

5             THE WITNESS:  Yes.

6             MR. SCHWAB:  No.  It's not signed.

7             MR. KINSELLA:  I thought you were

8    looking at something.

9             MR. SCHWAB:  If you want to correct

10   your answer, Saad.

11            THE WITNESS:  I see the preparer's

12   signature here but my signature isn't.

13            MR. SCHWAB:  It's just typed in.

14   BY MR. KINSELLA:

15       Q.   It's not the signature of the

16   preparer.  It's typed in.

17       A.   Right.

18       Q.   You didn't sign this?

19       A.   No, sir.

20       Q.   Did you file this with Internal

21   Revenue?

22       A.   I'm not sure if it's been filed or

23   not.

24       Q.   Who is Mr. Zafar, M.K. Zafar?  Do you
```

# EXHIBIT E

1              IN THE UNITED STATES DISTRICT COURT
2            FOR THE NORTHERN DISTRICT OF ILLINOIS
3                         EASTERN DIVISION

4   UNITED CENTRAL BANK, as      )
    assignee of Mutual Bank,     )
5                                )
            Plaintiff,           )
6                                )
            vs.                  ) No. 10 CV 2878
7                                )
    SAAD SINDHU,                 )
8                                )
            Defendant.           )
9

10

11

12          The deposition of SAAD SINDHU, called by

13      the Plaintiff for examination, taken pursuant to

14      notice and pursuant to the Federal Rules of

15      Civil Procedure for the United States District

16      Courts pertaining to the taking of depositions,

17      taken before Donna T. Wadlington, a Certified

18      Shorthand Reporter, at 130 East Randolph Street,

19      Suite 3800, Chicago, Illinois, on the 14th day

20      of November, 2012, commencing at approximately

21      the hour of 10:15 a.m.

1    know him?

2         A.    I do know him.

3         Q.    And who is he?

4         A.    He is an accountant.

5         Q.    Would he know if this document has

6    been filed with the Internal Revenue?

7         A.    I would presume so.

8         Q.    Do these numbers fairly and accurately

9    state your income and expenses and deductions

10   for the year 2009?

11        A.    I don't know if they are accurate or

12   not.

13        Q.    Did you provide any bank statements or

14   tax forms to Mr. Zafar before he prepared this

15   document?

16        A.    I did not.  I authorized my dad to

17   have him prepare it, so my dad would have

18   provided him these numbers, and I'm not sure

19   if -- where he got them from.

20        Q.    Did you ever see this document?

21        A.    I've seen it before.

22        Q.    When?

23        A.    Several years ago.

24        Q.    How many years ago?

1       A.   Maybe a couple, two, two years ago.  I

2   did go into the IRS office and I had these.  I

3   had these issued.  Or these -- these return

4   forms, they printed them out for me and told me

5   my taxes were incomplete.  So that might have

6   been a year and a half ago.

7       Q.   Do you remember providing these to

8   United Central Bank?

9       A.   I don't remember.

10        MR. SCHWAB:  Well, just for the

11   record, that would have been Mutual Bank at the

12   time.

13        MR. KINSELLA:  As a matter of fact, no

14   it wasn't.

15   BY MR. KINSELLA:

16       Q.   Do you remember providing these to any

17   officer of United Central Bank at any time?

18       A.   I don't remember personally.  I didn't

19   hand it to any officer of United Central Bank at

20   any time.

21       Q.   Would it be your testimony that in the

22   calendar year 2009, you had total income of

23   $41,078?

24        MR. SCHWAB:  Objection.  Asked and

1    answered.  He already has told you he doesn't

2    know where the source of the numbers came from.

3    BY MR. KINSELLA:

4        Q.    Can you answer the question?

5        A.    I don't know where the numbers came

6    from.

7        Q.    I'm sorry?

8        A.    I don't know where that number came

9    from.  I'm not sure if it's accurate.

10       Q.    How many years of accounting did you

11    have?

12       A.    I had one year.  Accounting 101 and

13    Accounting 102.

14       Q.    Would it be your testimony that you

15    had rental royalties in the year -- I'm sorry,

16    rental real estate income in the amount of

17    $64,018 in the calendar year 2009?

18            MR. SCHWAB:  I going to make the same

19    objection, Counsel.  He's already answered he

20    doesn't know where the numbers came from.  He

21    did not provide the numbers.  Asked and

22    answered.

23    BY MR. KINSELLA:

24       Q.    Can you answer the question?

# EXHIBIT F

```
1                 IN THE UNITED STATES DISTRICT COURT
2              FOR THE NORTHERN DISTRICT OF ILLINOIS
3                           EASTERN DIVISION

4     UNITED CENTRAL BANK, as        )
      assignee of Mutual Bank,       )
5                                     )
              Plaintiff,              )
6                                     )
              vs.                     )  No. 10 CV 2878
7                                     )
      SAAD SINDHU,                    )
8                                     )
              Defendant.              )
9

10

11

12            The deposition of SAAD SINDHU, called by

13    the Plaintiff for examination, taken pursuant to

14    notice and pursuant to the Federal Rules of

15    Civil Procedure for the United States District

16    Courts pertaining to the taking of depositions,

17    taken before Donna T. Wadlington, a Certified

18    Shorthand Reporter, at 130 East Randolph Street,

19    Suite 3800, Chicago, Illinois, on the 14th day

20    of November, 2012, commencing at approximately

21    the hour of 10:15 a.m.

22

23

24
```

```
 1                      (WHEREUPON, Deposition
 2                      Exhibit No. 6 was marked for
 3                      identification.)
 4    BY MR. KINSELLA:
 5         Q.   Did you ever see that document?
 6         A.   No, I have not.
 7         Q.   You never saw it?
 8         A.   No.
 9         Q.   Ever talk to the IRS about this?
10         A.   Not about this document, no.
11         Q.   It seems that you and the IRS have a
12    disagreement as to how much you owe for the tax
13    year ending 2009.  Is that true?
14         A.   Seems that way.  Yes.
15         Q.   Does this refresh any recollection of
16    yours as to whether or not Exhibit 5 was filed
17    with the IRS?
18         A.   No.
19         Q.   It's your testimony today that you
20    have never seen Exhibit 6?
21         A.   Yes.
22         Q.   It's your testimony today that you did
23    not know Exhibit 6 existed?
24         A.   Yes.
```

1     Q.    Is it your testimony today that you

2  did not know that the Internal Revenue Service

3  claims you owe $77,346.04 for the tax period

4  ending December 31st, 2009?

5     A.    I knew that there was an outstanding

6  liability.  I did not know whether or not it was

7  off of this sheet.  I have never seen this

8  document.  I didn't know if it was 2009.

9     Q.    Did you know if you have an

10 outstanding liability from 2009?

11    A.    No.

12    Q.    Is this you?  Name of taxpayer, Saad

13 Sindhu, 24575 North Illinois Route 59.

14    A.    Yes.

15    Q.    Same person?

16    A.    Yes.

17    Q.    You have a social that -- if you look

18 at it.  I'm not going to read it into the record

19 but the last four digits are somewhere.

20    A.    Yes.  Where?

21    Q.    There.

22              Those are the last four

23 digits --

24    A.    Of my social security number.

# EXHIBIT G

1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED CENTRAL BANK, as       )
assignee of Mutual Bank,      )
                              )
        Plaintiff,            )
                              )
        vs.                   ) No. 10 CV 2878
                              )
SAAD SINDHU,                  )
                              )
        Defendant.            )

The deposition of SAAD SINDHU, called by

the Plaintiff for examination, taken pursuant to

notice and pursuant to the Federal Rules of

Civil Procedure for the United States District

Courts pertaining to the taking of depositions,

taken before Donna T. Wadlington, a Certified

Shorthand Reporter, at 130 East Randolph Street,

Suite 3800, Chicago, Illinois, on the 14th day

of November, 2012, commencing at approximately

the hour of 10:15 a.m.

1    Q.   Is it your testimony today that you

2  did not know that the Internal Revenue Service

3  claims you owe $77,346.04 for the tax period

4  ending December 31st, 2009?

5    A.   I knew that there was an outstanding

6  liability.  I did not know whether or not it was

7  off of this sheet.  I have never seen this

8  document.  I didn't know if it was 2009.

9    Q.   Did you know if you have an

10  outstanding liability from 2009?

11    A.   No.

12    Q.   Is this you?  Name of taxpayer, Saad

13  Sindhu, 24575 North Illinois Route 59.

14    A.   Yes.

15    Q.   Same person?

16    A.   Yes.

17    Q.   You have a social that -- if you look

18  at it.  I'm not going to read it into the record

19  but the last four digits are somewhere.

20    A.   Yes.  Where?

21    Q.   There.

22              Those are the last four

23  digits --

24    A.   Of my social security number.

```
 1        Q.    -- of your social security number?
 2                    Did you ever file a tax return
 3   for 2010?
 4        A.    No.
 5        Q.    Did you file a tax return for 2011?
 6        A.    No.
 7        Q.    Do you have any earnings in 2010?
 8        A.    No.
 9        Q.    Do you have any earnings in 2011?
10        A.    No.
11        Q.    Did you work at a gas station in 2010
12   or 2011?
13        A.    In 2011, yes.
14        Q.    What did you earn at the -- I'm sorry.
15   What was your answer?
16        A.    I did work at a gas station last year.
17        Q.    What gas station?
18        A.    At a Bridgeview Phillips 66.
19        Q.    Bridgeview Phillips 66.  Who owned
20   that?
21        A.    Tahir Iqbal.
22        Q.    He owns the gas station in Bridgeview.
23   It's a Phillips 66?
24        A.    Yes.
```

# EXHIBIT H

1   IN THE UNITED STATES DISTRICT COURT
2   FOR THE NORTHERN DISTRICT OF ILLINOIS
3              EASTERN DIVISION

4   UNITED CENTRAL BANK, as        )
    assignee of Mutual Bank,       )
5                                  )
         Plaintiff,                )
6                                  )
         vs.                       )  No. 10 CV 2878
7                                  )
    SAAD SINDHU,                   )
8                                  )
         Defendant.                )
9

10

11

12       The deposition of SAAD SINDHU, called by

13   the Plaintiff for examination, taken pursuant to

14   notice and pursuant to the Federal Rules of

15   Civil Procedure for the United States District

16   Courts pertaining to the taking of depositions,

17   taken before Donna T. Wadlington, a Certified

18   Shorthand Reporter, at 130 East Randolph Street,

19   Suite 3800, Chicago, Illinois, on the 14th day

20   of November, 2012, commencing at approximately

21   the hour of 10:15 a.m.

22

23

24

```
 1        A.    No.
 2        Q.    You don't remember two years ago where
 3   you would have earned $18,000 a year?
 4        A.    No, sir.  I mean, it says working at a
 5   gas station, and I imagine I was just putting
 6   hours at the gas station.  That was while I was
 7   in -- you know, so...
 8        Q.    Is it your representation that that's
 9   all the money you earned in --
10        A.    I don't know.
11        Q.    -- 2010?
12        A.    I don't know.
13        Q.    You don't know?
14              You had no other source of
15   income other than that gas station.  Is that
16   your testimony?
17        A.    I mean, I know I didn't collect any
18   money.  I'm not sure if any of these companies
19   had any income, but to the best of my knowledge,
20   that was it.
21        Q.    18,000 a year.
22              In 2010 if you look at the
23   first page, Page 816, paragraph -- question No.
24   10, paragraph No. 10, I own no real estate with
```

# EXHIBIT I

1
2
3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

4   UNITED CENTRAL BANK, as      )
    assignee of Mutual Bank,     )
5                                )
            Plaintiff,           )
6                                )
            vs.                  )  No. 10 CV 2878
7                                )
    SAAD SINDHU,                 )
8                                )
            Defendant.           )
9

10

11

12          The deposition of SAAD SINDHU, called by

13   the Plaintiff for examination, taken pursuant to

14   notice and pursuant to the Federal Rules of

15   Civil Procedure for the United States District

16   Courts pertaining to the taking of depositions,

17   taken before Donna T. Wadlington, a Certified

18   Shorthand Reporter, at 130 East Randolph Street,

19   Suite 3800, Chicago, Illinois, on the 14th day

20   of November, 2012, commencing at approximately

21   the hour of 10:15 a.m.

22

23

24

1        A.    Yes.

2        Q.    How much money was in that account?

3        A.    I don't remember.

4        Q.    How much money did -- was it opened

5    with; do you recall?

6        A.    I don't.

7        Q.    Do you recall when it was opened?

8        A.    I don't remember the exact date.  No.

9        Q.    Do you recall it being opened in May

10   of 2009?

11       A.    Sounds about right.  Yes.

12       Q.    Prior to May of 2009 where did you

13   bank?

14       A.    I had accounts with Chase, with

15   Mutual, First Midwest, and a long time ago

16   another account was with TCF when I was young.

17   I'm not sure when that closed.

18            MR. KINSELLA:  Let's mark this as

19   Group Exhibit 21.

20                         (WHEREUPON, Deposition

21                         Exhibit No. 21 was marked for

22                         identification.)

23   BY MR. KINSELLA:

24       Q.    I'm showing you Group Exhibit 21.

1    Have you ever seen these documents?   Look

2    through them.

3         A.    I haven't seen them.   No.

4         Q.    I'm sorry, what?

5         A.    I haven't seen these documents.   No.

6         Q.    You never saw them?

7         A.    These are statements of mine's, but I

8    didn't review the statements, so...

9         Q.    Did you receive them?

10         A.    I probably did at home somewhere.

11         Q.    And so what have you done -- what did

12    you do with them?

13         A.    I don't have any records.   They were

14    probably either thrown away or misplaced or, you

15    know, lost between the moves from one house to

16    the other and between my apartment and they were

17    just -- they were going to different areas.   I

18    don't -- I don't know.   I don't have them

19    though.

20         Q.    If you skim through here, there's

21    almost a year and a half of statements?

22         A.    Right.

23         Q.    You lost every single one of them?

24         A.    I don't have a single one of them in