IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED CENTRAL BANK, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SAAD SINDHU, ) <br> ) <br> Defendant. ) <br> ) <br> and ) <br> ) <br> UNITED CENTRAL BANK, as assignee of ) <br> Mutual Bank ) <br> ) <br> Judgment-Creditor- Plaintiff ) <br> ) <br> v. ) <br> ) <br> SAAD SINDHU, Judgment-Debtor ) <br> SADIA SINDHU, Third-Party Defendant ) | Case No. 10 CV 2878 |

**RESPONSE TO MOTION TO RECONVENE CITATION
EXAMINATION OF JUDGMENT DEBTOR;
FOR ISSUANCE OF A RULE TO SHOW CAUSE WHY
SAAD SINDHU SHOULD NOT BE FOUND
IN CRIMINAL CONTEMPT OF COURT;
FOR COSTS AND ATTORNEYS' FEES INCURRED;
AND FOR SUCH OTHER RELIEF AS THE COURT DEEMS JUST**

Judgment-Debtor, Saad Sindhu ("Sindhu"), by his attorney David J. Schwab and the law firm of Ralph, Schwab & Schiever, Chartered, for his Response to United Central Bank's ("UCB") Motion to Reconvene Citation Examination of Judgment Debtor; for Issuance of a Rule to Show Cause Why Saad Sindhu Should Not be Found in Criminal Contempt of Court; for Costs and Attorneys' Fees Incurred; and for Such Other Relief as the Court Deems Just ("Motion For Issuance of Rule to Show Cause For

Criminal Contempt"), respectfully states as follows:

1. Plaintiff's Motion For Issuance of Rule to Show Cause For Criminal Contempt fails to (i) cite appropriate legal authority, (ii) seeks the identical relief previously denied and (iii) also deliberately misstates unequivocal facts.

## CITATION TO DISCOVER ASSETS

2. Plaintiff fails to cite any legal authority to support its Motion to Reconvene its citation examination of Mr. Sindhu. Supplementary proceedings in Federal Court are addressed in FRCP 69 which looks to state procedural law in which the court is located. Here, two (2) Illinois State statutes are controlling for supplementary proceedings, namely Illinois Supreme Court Rule 277 (IL ST S. Ct. Rule 277) ("Rule 277") and Section 2-1402 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1402) ("Section 2-1402"). While Section 2-1402 provides the framework for supplementary proceedings and specifically citations to discover assets, Rule 277 sets forth the overriding guidelines for Section 2-1402, including the lifespan of a citation. Rule 277(f) states in pertinent part:

> A proceeding under this rule continues until terminated by motion of the judgment creditor, order of the court, or satisfaction of the judgment, **but terminates automatically 6 months from the date of (1) the respondent's first personal appearance pursuant to the citation or (2) the respondent's first personal appearance pursuant to subsequent process issued to enforce the citation, whichever is sooner.** The court may, however, grant extensions beyond the 6 months, as justice may require. (emphasis added)
>
> IL R S CT Rule 277(f).

3. By operation of law the supplementary proceeding against Sindhu terminates 6 months after the November 2012 Deposition of Sindhu. *See* IL R S CT Rule 277.

2

4. Therefore, the Plaintiff cannot reconvene the supplemental proceeding but would rather need to request leave of court to issue a subsequent citation to discover assets of Sindhu. With respect to subsequent citations to discover assets issued against the same judgment debtor Rule 277(a) states in pertinent part:

> If there has been a prior supplementary proceeding with respect to the same judgment against the party, whether he is the judgment debtor or a third party, **no further proceeding shall be commenced against him except by leave of court. The leave may be granted** upon *ex parte* motion of the judgment creditor, **but only upon a finding of the court, based upon affidavit of the judgment creditor or some other person, having personal knowledge of the facts, (1) that there is reason to believe the party against whom the proceeding is sought to be commenced has property or income the creditor is entitled to reach, or, if a third party, is indebted to the judgment debtor, (2) that the existence of the property, income or indebtedness was not known to the judgment creditor during the pendency of any prior supplementary proceeding, and (3) that the additional supplementary proceeding is sought in good faith to discover assets and not to harass the judgment debtor or third party.** (emphasis added)
> IL R S CT Rule 277(a).

5. Rule 277(a) is written in the conjunctive so the Judgment Creditor must satisfy all the elements set forth above in order for a court to grant leave to issue a subsequent and new citation to discover assets.

6. Assuming *arguendo,* that this Court will treat Plaintiff's Motion to Reconvene as a request for leave to issue a subsequent and new citation to discover assets to Sindhu, Plaintiff has failed to meet those elements set forth in Rule 277(a) above: (i) no affidavit was attached to the Motion to Reconvene; and (ii) as set forth in this Response, Plaintiff: (a) through document production received from Sindhu; (b) through available public records; and (c) through document production received from third party citation respondents, has been long aware of the assets, income, property or

indebtedness of Sindhu.[1]

7.  Although somewhat hard to follow, it appears the two areas of concern raised by Plaintiff in its Motion For Issuance of Rule to Show Cause For Criminal Contempt are a Mysterious Markham Gas Station and Sindhu testimony concerning the filing of his tax returns. Both are classic red herrings.

8.  Plaintiff's feigned ignorance of Sindhu's involvement with a Markham gas station is remarkable. In honor of Valentines Day and in tribute to Elizabeth Barrett Browning's famous sonnet "How Do I Love Thee" and its famous phrase "How do I love thee? Let me count the ways", please find the following undeniable disclosures of the Markham gas station to Plaintiff:

"Let Me Count The Ways"
The Markham Gas Station Was Previously Disclosed To Plaintiff

a. The 15901 South Crawford Avenue, Markham, Illinois gas station ("Markham Gas Station") has been disclosed on each of Saad Sindhu's Personal Financial Statements submitted to United Central Bank and its predecessor Mutual Bank.

b. The Markham Gas Station is included as part of the document production rider to the citation to discover assets served upon Sindhu and each of the other third party's served with citations. *See* Plaintiff's Exhibit 1 to Sindhu's Deposition.

c. The Markham Gas Station is disclosed on Sindhu's 2009 IRS 1040 Form identified as Exhibit 5 to Sindhu's November 2012 Deposition transcript.

d. The Markham Gas Station was disclosed in multiple places in Sultan Ohio, LLC's Application for Short Sale produced to counsel for Plaintiff on two separate occasions i) initially on November 18, 2010 and ii) thereafter as part of the document production in response to the citation examination and also

---

[1] All Subpoenas and/or Citation to Discover Assets covering the subject matter of Plaintiff's Motion For Issuance of Rule to Show Cause For Criminal Contempt whether to Sindhu or third parties were issued either prior to or during the pendency of the prior supplementary proceedings. A list of said Subpoenas and/or Citations to Discover Assets was attached as Exhibit C to Sindhu's Response to Motion to Compel Defendant-Judgment Debtor to Execute Internal Revenue Forms 4506 and 4506-T (Docket Entry 75).

4

identified as Exhibit 12 to Sindhu's November 2012 Deposition transcript.[2]

  e. The Markham Gas Station was included among the Group Exhibit 14 to Sindhu's November 2012 Deposition transcript setting forth the UCC Financing Statements filed by Dearborn Wholesale Grocers, L.P.

  f. The Markham Gas Station was included in the personal financial statement signed by Sindhu on November 18, 2010 and identified as Exhibit 23 to Sindhu's November 2012 Deposition transcript.

  g. The Markham Gas Station was included in Sindhu's 2006 personal financial statement identified as Exhibit 13 to Sindhu's November 2012 Deposition transcript.

  h. Saad Sindhu was questioned on multiple occasions with regard to mortgage payments made from his checking account to Republic National Bank, which he described as mortgage payments relating to the Markham, Illinois gas station. For an example of such line of questioning see pages 135 - 137 of Sindhu's November 2012 Deposition transcript.

  i. Defendant's response to the Motion to Compel the execution of the IRS Forms 4506 and 4506-T addresses the rental income from each of the commercial properties identified on the tax return, including the Markham Gas Station.

Pages 135 - 137 and the above referenced exhibits to Sindhu's November 2012 Deposition transcript are attached hereto and included herein as **Group Exhibit B**.

  9. As it pertains to Sindhu's testimony regarding his tax returns, Plaintiff's argument is nonsensical. Plaintiff once again complains about an IRS tax assessment relating to Sindhu's 2009 return but that is not new information and was the subject of his prior citation examination. Query, what new information was disclosed by the transcript? The tax transcript revealed that Sindhu's testimony was completely accurate. The tax transcript confirmed that the unsigned 2009 IRS 1040 Return that was provided to Plaintiff was actually filed and Mr. Sindhu has not yet filed returns for the years 2010, 2011 and 2012. Moreover, Sindhu's testimony was completely

---

[2] A copy of the November 18, 2010 correspondence bates numbered as UCBSindhu_Schwab 372433 - 372508 by Plaintiff is attached hereto as **Exhibit A.**

accurate in that he distinguished his personal earnings while working part time at a few different gas stations from the income that would be attributable to him as a result of his ownership interest in his family's various enterprises (Form 1040 - Schedule E income). Apparently, Plaintiff does not recognize that rental payments from a particular property are offset by the operating expenses and mortgage interest expense relating to said property and are reported on Schedule E which is separate and distinct from personal earnings. Alternatively, Plaintiff is deliberately attempting to mislead the Court.[3] This

---

[3] Plaintiff also seems to be confused with regard to the ownership of the residence currently being rented by Sindhu's family. Plaintiff states the residence is owned by Tahir Iqbal, Sindhu's uncle. Not only did Sindhu testify at some length as to his relationship to Tahir Iqbal, he also testified as to multiple rental payments being made to Richard Watson the owner of the 32 Aburdour Court property where Sindhu and his family reside.

    Q. Who's Richard Watson?
    A. He's the owner of the home that's rented.
    Q. He's the owner of what?
    A. 32 Aburdour Court.
(*See* page 157 of Sindhu's November 2012 Deposition transcript).

    Q. Did you ever hear of a company called Illinois State Petroleum?
    A. I have heard.
    Q. Do you know who the owner of that would be?
    A. I don't.
    Q. You're not an owner?
    A. I don't think so. No.
    Q. Is Tahir Iqbal an owner?
    A. I'm not sure.
    Q. He's your uncle?
    A. He is a distant uncle. Yes. He's not my blood uncle.
    Q. Oh, he's not the brother of your father?
    A. No.
    Q. Or mother?
    A. No. No. Not brother, not cousin, not nothing.
    Q. But he rents the house that you live in?
    A. He does. Yes. He's a very - - I mean, he's a close family friend. He's - - I consider him an uncle.
    Q. Are you related at all that you know of?
    A. (Shaking head.)
    Q. You have to answer.
    A. I believe his wife is a distant relative of my dad's from back home. That's the connection, but I don't know.
    Q. Back home being where?
    A. Back home in Pakistan. But I mean that could mean they are from the same town. So a lot of times, you know, if you've got two people from the same village in the country abroad, they'll be family over there.
(*See* pages 86-88 of Sindhu's November 2012 Deposition transcript).

issue was previously addressed in Plaintiff's prior motion with regard to compelling the execution of the IRS Forms 4506. Sindhu's response to said motion attempts to resolve Plaintiff's confusion regarding the rental payments:

> 4. In its Motion to Compel the Judgment Debtor to execute the Internal Revenue Forms 4506 and 4506-T, Counsel for UCB has failed to cite any legal authority and has clearly failed to disclose the entirety of the facts and circumstances relating to its inability to obtain financial records concerning the Judgment Debtor's financial affairs. Moreover, several of the statements Plaintiff makes, whether intentional or not, are just straight out wrong. Plaintiff, states in paragraph 13 of its motion that $268,023.88 was deposited into Defendant's bank account in 2009 and then goes on to state in Paragraph 14 of the motion "none of the funds deposited in the Harris Bank account are reported as income in the unsigned 2009 federal tax return provided to UCB." However, during his citation examination, Judgment Debtor was questioned about the very deposits addressed in the motion and he testified that they were rental income from several different properties (set forth on **Exhibit A** are pages from the transcript of Judgment Debtor's citation examination). Said properties were also listed on his various personal financial statements given to the bank and more importantly included on Schedule E of his IRS Form 1040 2009 Tax Return which identifies total rents received of $750,034.00 (set forth on **Exhibit B** is Schedule E of Saad Sindhu's IRS Form 1040 2009 Tax Return). Before filing its Motion to Compel, Plaintiff had an obligation to review not only the deposition transcript, but also its own internal records. If it had done so, Plaintiff would not have made these erroneous statements.

     10.    Accordingly, Mr. Sindhu's citation examination testimony, given under duress, has proven to be quite accurate with regard to both his tax returns and earnings. Unfortunately, the same cannot be said of the content of Plaintiff's Motion For Issuance of Rule to Show Cause For Criminal Contempt which, unlike providing spontaneous answers to deposition questions, Plaintiff had the benefit of a citation transcript, prior briefs addressing the identical rental payment issue, documents and information previously provided to Plaintiff, time for forethought and analysis but most

importantly, opportunity for edits and revisions to ensure its accuracy.

11. Based on the amount and breadth of information available to Plaintiff prior to Sindhu's November 2012 Deposition and given that Plaintiff has currently pending two lawsuits against Sindhu and other members of his family, (i) a fraudulent transfer action filed in this very case against his Sister relating to a Barrington property, the acquisition of which was initially financed by Plaintiff's predecessor Mutual Bank and was to have involved a teardown and an old house and construction of custom home, and (ii) another State Court action involving other members of the Sindhu family, there is no need for Plaintiff to reconvene his citation examination to question him about his past financial affairs because there is no new or previously undisclosed property or assets of Sindhu. If Plaintiff desires to question Sindhu further all it needs to do is to notice up Sindhu's deposition in the currently pending fraudulent transfer action before this Court or in the currently pending state court action. The timing and motive for this motion are transparent and a logical conclusion is that this request by Plaintiff to reconvene or more accurately seek authorization for the issuance of a new citation to discover assets against Sindhu is being done merely for the purpose of harassment.

12. Accordingly, this Court should deny the Plaintiff's request to reconvene the citation to discover assets of Sindhu.

## **CRIMINAL CONTEMPT**

13. As it relates to Plaintiff's request for a rule to show cause seeking Sindhu to be held in criminal contempt, Plaintiff relies upon Section 12-301 of the Illinois Code of Civil Procedure (735 ILCS 5/12-301) ("Section 12-301") and the case of *Del Dotto v. Olsen*, 257 Ill.App.3d 463, 628 N.E.2d 1156, 1158 (1st Dist. 1993) an Illinois State Court

case. However, because this matter is pending in Federal Court and is governed by the Federal Rules of Civil Procedure neither is applicable.

14. Plaintiff alleges that Sindhu should be held in "**criminal contempt**" under Section 12-301 for attempting to hide or conceal his property. However, Section 12-301 requires a party to have refused to have delivered property to an officer having a court order or judgment. 735 ILCS 5/12-301. Plaintiff has failed to identify any refusal on Sindhu's part to surrender any property upon the request of an officer having a court order or judgment. It would seem that Plaintiff is seeking to find Sindhu in criminal contempt rather than having the court adjudicate the merits of Plaintiff's fraudulent transfer action currently pending before this very Court.

15. Additionally criminal contempt proceedings in Federal Court are governed by Rule 42 of the Federal Rules of Criminal Procedure. Fed. R. Crim. P. 42 ("Rule 42").

16. Although the rule in Illinois State Courts may provide that a private individual may prosecute a criminal contempt proceeding (*see Del Otto v. Olson*) this matter is not in Illinois State Courts. Rule 42 requires that a court must request that a United States Attorney prosecute the criminal contempt and that the defendant be given the opportunity to defend. Fed. R. Crim. P. 42(a) Accordingly, Plaintiff's reliance upon *Del Otto v. Olson* is misplaced because it does not set forth the law for criminal contempt in Federal Courts.

17. More importantly, Plaintiff bases its requests on perceived discovery violations. Historically, the Federal Courts have rejected the request to hold a party in criminal contempt for discovery violations. As the United States Supreme Court stated in *International Union, United Mine Workers of America v. Bagwell*:

> Certain indirect contempts nevertheless are appropriate for imposition through civil proceedings. Contempts such as failure to comply with document discovery, for example, while occurring outside the court's presence, impede the court's ability to adjudicate the proceedings before it and thus touch upon the core justification for the contempt power. Courts traditionally have broad authority through means other than contempt—such as by striking pleadings, assessing costs, excluding evidence, and entering default judgment—to penalize a party's failure to comply with the rules of conduct governing the litigation process. See, e.g., Fed.Rules Civ.Proc. 11, 37. **Such judicial sanctions never have been considered criminal, and the imposition of civil, coercive fines to police the litigation process appears consistent with this authority.** Similarly, indirect contempts involving discrete, readily ascertainable acts, such as turning over a key or payment of a judgment, properly may be adjudicated through civil proceedings since the need for extensive, impartial factfinding is less pressing. (emphasis added)

*Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 833, 114 S. Ct. 2552, 2560, 129 L. Ed. 2d 642, 146 L.R.R.M. (BNA) 2641, 62 USLW 4705, 128 Lab. Cas. P 11120, 1994 WL 285839 (1994).

18. Accordingly, there are no grounds to hold Sindhu in criminal contempt.

## SANCTIONS AGAINST SINDHU'S ATTORNEY

19. Plaintiff also seeks for the second time to sanction Sindhu's counsel for his opposition to Plaintiff's request for Defendant Sindhu to execute IRS Forms during his citation examination. This matter has already been previously briefed and ruled upon by Order entered on October 4, 2013 (*See* Docket Entry 83). (*See* Plaintiff's Motion to Compel Defendant-Judgment Debtor to Execute Internal Revenue Forms 4506 and 4506-T and for Fees and Expenses (Docket Entry 72) and Sindhu's Response to Motion to Compel Defendant-Judgment Debtor to Execute Internal Revenue Forms 4506 and 4506-T (Docket Entry 75).

20. In this motion, Plaintiff once again claims that Sindhu's counsel's direction

10

that he not execute a form that would release personal tax information not in his possession was some how wrongful and once again does so without citing any legal authority for said statement. Indeed, as Plaintiff is seeking the identical relief it previously sought in its Motion to Compel, Plaintiff should be seeking relief under Rule 60 of the FRCP which would be treated as a motion to reconsider. Such a motion would require Plaintiff to establish either: (i) mistake, inadvertence, surprise, excusable neglect; (ii) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (iii) fraud, misrepresentation, or misconduct by an opposing party; (iv) the judgment is void; (v) the judgment has been satisfied, release, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is not longer equitable; *or* (vi) any other reason that justifies relief. See Fed. R. Civ. P. 60. Plaintiff has failed to satisfy any of these criteria.

21. Instead, Plaintiff bases its request on FRCP 30(d)(2) but fails to articulate how directing Sindhu not to execute an IRS Form obstructed Plaintiff's ability to conduct a fair examination.

22. For the reasons set forth above, Defendant, Saad Sindhu requests the entry of an Order denying Plaintiff's motion and for such other relief as this Court deems appropriate.

                                                    Respectfully submitted,
                                                    SAAD SINDHU,

                                                    By: /s/ David J. Schwab
                                                        One of His Attorneys

David J. Schwab (ARDC No.: 6204333)
Joel H. Norton (ARDC No.: 6286977)
Sharanya Gururajan (ARDC No.: 6286295)
RALPH, SCHWAB & SCHIEVER, CHARTERED
175 East Hawthorn Parkway, Suite 345
Vernon Hills, IL 60061
Telephone: (847) 367-9699
Facsimile: (847) 367-9621
dschwab@rss-chtd.com
jnorton@rss-chtd.com
sgururajan@rss-chtd.com