UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED CENTRAL BANK, as assignee of Mutual Bank,<br><br>      Plaintiff,<br><br>      v.<br><br>SAAD SINDHU,<br><br>      Defendant, | |
| UNITED CENTRAL BANK, as assignee of Mutual Bank,<br><br>      Judgment-Creditor-Plaintiff,<br><br>      v.<br><br>SAAD SINDHU, Judgment-Debtor, SADIA SINDHU, Third-Party Defendant, NOOR HOLDINGS, INC., Third-Party Defendant, and EURO-AMERICAN REALTY INVESTORS, INC., a Third-Party Defendant. | No. 10 C 2878<br>Judge James B. Zagel |

**MEMORANDUM OPINION AND ORDER**

Plaintiff United Central Bank ("UCB"), as assignee of Mutual Bank, filed a Second Amended Complaint against Saad Sindhu and third-party Defendants Sadia Sindhu, Noor Holdings, Inc., and Euro-American Realty Investors, Inc., alleging violations of the Illinois Uniform Fraudulent Transfer Act ("UFTA"), 740 ILCS §§ 160/5(a)(1), 160/5(a)(2), and 160/6(a). Defendants have moved to dismiss Plaintiff's claim pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, Defendants' motion is denied in part and granted in part.

1

# I. BACKGROUND

Plaintiff UCB, a Texas banking corporation and successor in interest to Mutual Bank, obtained a $4,362,230.27 judgment against Defendant Saad Sindhu on August 25, 2010. On two separate occasions, October 6, 2010 and August 27, 2012, UCB issued a Citation to Discover Assets to Saad Sindhu, requesting that he produce documents relating to the ownership or transfer of his property and prohibiting him from making or allowing any transfer of non-exempt property. UCB also served a Citation to Discover Assets on Devon Bank on March 30, 2011, prohibiting it from making or allowing any transfer or other disposition of any property belonging to UCB. Some of the documents produced by Devon Bank related to a Land Trust held by Devon Bank in real estate located at 24575 North Highway 59, Barrington, Illinois ("Barrington property"). UCB additionally served a Citation to Discover Assets on Sadia Sindhu on October 12, 2012, requiring production of documents pertaining to all accounts in which Saad Sindhu had an interest in the previous ten years.

In connection with the Citations to Discover Assets, UCB obtained testimony from Saad Sindhu on November 14, 2012 and February 27, 2014. During the 2012 questioning, Saad Sindhu testified that he no longer owned the Barrington property, and that it had been foreclosed. Prior to 2010, the beneficial interest in the Barrington property was divided equally between Saad Sindhu and Saad Sindhu's mother. Saad Sindhu's mother transferred her fifty percent interest to Saad Sindhu, who then transferred the entire beneficial interest in the property to Sadia Sindhu. The document transferring Saad Sindhu's interest to Sadia Sindhu was executed on January 1, 2010 and received by the land trustee on January 3, 2011. Plaintiff alleges that the Barrington property was worth $3 million in 2011, and that Saad Sindhu received insufficient consideration for the transfer of the property. Plaintiff alleges that, at most, Sadia Sindhu relaxed

2

all previously existing mortgage loans on the property, particularly, the existing $1.56 million of encumbrances on the Barrington property at the time of the transfer. Further, Plaintiff alleges that Saad Sindhu owed significant debts and was insolvent at the time he transferred the Barrington property to Sadia Sindhu.

During the February 2014 questioning, Plaintiff learned of two additional properties allegedly owned by Saad Sindhu, collectively described as the "Markham property" and the "Euro-American property," which Plaintiff claims were improperly transferred to Sadia Sindhu in an attempt to conceal their existence.

Plaintiff alleges that Saad Sindhu owned and received rent and revenue checks generated from the Markham property, referring to a large gas station, a related lube and car wash facility, and a related residence located near Interstate-57 and Crawford Avenue. Plaintiff alleges that Saad Sindhu, while insolvent, transferred the Markham property to Noor Holdings, Inc. for less than the value of the property and, potentially, for no consideration at all.

Plaintiff additionally alleges that Sadia Sindhu is now the owner of the Euro-American property, referring to a Hardee's restaurant and related commercial facilities in Mount Vernon, Illinois, and that she did not pay a reasonable value for the asset and may have paid nothing at all. Plaintiff alleges that Saad Sindhu owned all stock in the Euro-American property, received all rent checks from the property, and enjoyed ownership benefits prior to the August 2010 judgment. Plaintiff alleges that Saad Sindhu, after judgment was entered against him, endorsed rent checks generated by Euro American Property over to Sadia Sindhu, who then had these checks deposited into her account, and that ownership was transferred to Sadia Sindhu.

## II. PROCEDURAL HISTORY

On March 20, 2014, Plaintiff filed a Second Amended Complaint against Defendants under the UFTA seeking to attach the properties at issue and judgment of fraudulent transfer, amongst other relief. In Counts I, III, and V, Plaintiff alleges that Defendants acted with actual intent to hinder and/or defraud, or constructively defrauded their creditors in violation of 740 ILCS §§ 160/5(a)(1) and (a)(2) by transferring the respective properties from Saad Sindhu to Sadia Sindhu for insufficient consideration while insolvent, thus preventing Saad Sindhu's creditor from recourse to an asset. In Counts II, IV, and VI, Plaintiff alleges that the transfer of the respective properties in exchange for less than a reasonably equivalent value is fraudulent to a creditor, in violation of 740 ILCS § 160/6(a), because their claim arose before the transfer occurred.

Defendants seek to dismiss the Second Amended Complaint in its entirety, arguing that Plaintiff fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) and that Plaintiffs have not pled fraud with the required particularity.

## III. STANDARD OF REVIEW

When considering a motion to dismiss for failure to state a claim, the court treats all well-pleaded allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.

Rule 9(b) requires that a plaintiff must "state with particularity the circumstances constituting fraud, or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." "The rule requires the plaintiff to state the identity of the person who made the misrepresentation, the time, place, and context of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Vicom, Inc. v. Harbridge Merch. Servs.*, Inc., 20 F.3d 771, 777 (7th Cir. 1994) (internal quotations omitted). In other words, alleging fraud with particularity "means, the who, what, when, where, and how: the first paragraph of any newspaper story." *United States ex rel. Lusby v. Rolls–Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009) (quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)).

## IV. DISCUSSION

To establish "actual" fraud under § 5(a)(1), a plaintiff must allege that a debtor made a transfer with actual intent to hinder or defraud a creditor, regardless of whether the creditor's claim arose before or after the transfer was made. 740 ILCS § 160/5(a)(1). In supporting an allegation that a debtor acted with actual intent, a plaintiff may additionally allege factors to be considered, including but not limited to, whether (1) the transfer or obligation was to an insider; (2) the transfer or obligation was disclosed or concealed; (3) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit; (4) the transfer was of substantially all the debtor's assets; (5) the debtor removed or concealed assets; (6) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred. 740 ILCS § 160/5(b).

A plaintiff may also establish "constructive" fraud as to a creditor under § 5(a)(2) by alleging that a defendant debtor made a transfer, either before or after the creditor's claim arose, without receiving a reasonably equivalent value in exchange for the transfer. The plaintiff must also allege either that the defendant debtor either engaged or was about to engage in a transaction which would leave the debtor with unreasonably small remaining assets, or reasonably should have believed that he would incur debts beyond his ability to pay as they became due. 740 ILCS § 160/5(a)(2)(A-B).

Additionally, a plaintiff may establish that a transfer is fraudulent as to a creditor under § 6(a) by alleging: (1) that a defendant debtor made the transfer without receiving a reasonably equivalent value in exchange for the transfer; (2) that the debtor was insolvent at that time or became insolvent as a result of the transfer; and (3) the creditor had a claim against a debtor *before* the alleged fraudulent transfer occurred. 740 ILCS § 160/6(a).

Defendants move to dismiss Plaintiff's Second Amended Complaint in its entirety for failure to plead sufficient factual detail to provide a basis for relief as to each of the six counts. Defendants argue that Plaintiff's UFTA claims regarding the Barrington property should be dismissed because (1) the Barrington Property was transferred before Saad Sindhu incurred indebtedness to Plaintiff, rendering a cause of action under § 6 untenable; (2) the Barrington property was transferred for a reasonable equivalent value; and (3) UCB had knowledge of Saad Sindhu's transactions, contradicting Plaintiff's allegations that Saad Sindhu concealed his asset transfers.

Defendants further argue that Plaintiff's UFTA claims against Defendant Saad Sindhu regarding the Markham and Euro-American properties should be dismissed because (1) Defendant's ownership interests and the value of the ownership interests in Counts III, IV, V,

and VI are not identified; and (2) Plaintiff does not identify the consideration received in exchange for the transfer of Saad Sindhu's ownership interests.

A. Barrington Property

   *1. Count I: §§ 5(a)(1) and (2)*

   a.   Actual Fraud

Plaintiff alleges in Count I that Defendants engaged in both actual and constructive fraud under §§ 5(a)(1) and 5(a)(2) of the UFTA when Saad Sindhu transferred the Barrington Property to his sister Sadia Sindhu on January 3, 2011, months after judgment was entered against him, in exchange for insufficient consideration. Defendants' argument that the property was transferred from Saad Sindhu to Sadia Sindhu prior to the entry of judgment is inapposite, as neither § 5(a)(1) nor § 5(a)(2) require that the transfer is made after judgment.

Defendants additionally argue that the transfer was not concealed because Plaintiff was aware of Saad Sindhu's transfer through a foreclosure suit regarding the property. Plaintiff counters that neither UCB nor Mutual Bank had reason to request or receive information regarding the Barrington property after the release of mortgage was sent to Defendants in 2008. Defendants' argument raises a question of fact regarding what the Plaintiff knew at the time of transfer—a question that is not grounds for dismissal on a § 12(b)(6) motion. *Mitchell v. Archibald & Kendall, Inc.*, 573 F.2d 429, 432 (7th Cir. 1978) ("Where the pleadings raise a contested issue of material fact, a Rule 12(b)(6) motion must be denied."). To the extent that there are questions of fact, these must be addressed at a later stage of litigation.

Plaintiff's Complaint adequately establishes actual intent, as considered under 740 ILCS § 106/5(b), by alleging that (1) the transfer was made to an insider, Defendant's sister; (2) the transfer was concealed by Defendant during asset discovery testimony; (3) the transfer occurred

7

after suit by the creditor; (4) the Barrington property was a major asset of Defendant; (5) the value of the consideration received by the Defendant was not reasonably equivalent to the value of the Barrington property; and (6) Defendant Saad Sindhu was or had become insolvent shortly after the transfer of the Barrington property. Taking these allegations as true, Plaintiff has pled sufficient facts to state a plausible claim for relief under § 5(a)(1) of the UFTA.

        b.        Constructive Fraud

In addition to actual fraud, Plaintiff alleges in Count I that Defendants engaged in constructive fraud under § 5(a)(2) because Saad Sindhu did not receive reasonably equivalent consideration in exchange for the transfer of the Barrington property to Sadia Sindhu, and, as a result of the transfer, Saad Sindhu became insolvent. Defendants dispute that Saad Sindhu concealed the transfer of the Barrington property and further contend that Plaintiff had constructive knowledge of the transfer. Defendants further argue that Plaintiff has insufficiently pled that the transfer occurred without receiving reasonably equivalent consideration because it incorrectly calculated the value of the property. Defendants dispute Plaintiff's allegation that the property was properly valued at $3 million and offer a different method of calculating the value of the property. Defendants, again, make arguments regarding factual disputes at issue in this case. The value of the property at the time of the transfer, as well as any other material disputed facts, is to be determined at a later stage in the proceedings.

Plaintiff sufficiently alleges that (1) Defendant transferred the value of the Barrington property ($3 million) for less than the value received ($1.56 million) (2) which was less than market value (3) while becoming insolvent, in light of the judgment against him. Defendants' motion to dismiss Count I is denied.

*2. Count II: § 6(a)*

Plaintiff alleges in Count II that the Barrington property transfer violated 740 ILCS § 6(a). Here, Defendants dispute the alleged timing of the transfer. Defendants argue that Saad Sindhu intended to transfer the Barrington property on the date of execution, January 1, 2010—a date prior to the August 2010 judgment. Plaintiff, relying on § 7 of the UFTA, contends that the date of the transfer is when the transfer is so far perfected that a good-faith purchaser cannot acquire an interest in the asset that is superior to the interest of the transferee.

Again, the timing of the transfer is a disputed fact between parties, making dismissal inappropriate. Taking Plaintiff's allegations as true, Plaintiff has sufficiently alleged that Saad Sindhu did not provide the trustee of the Barrington property with the land assignment until January 3, 2011, after the date the judgment was entered against Defendant, satisfying the elements necessary to plead a § 6 claim. Defendants' motion to dismiss Count II is denied.

B. Markham and Euro-American Properties

Plaintiff alleges §§ 5(a)(1), 5(a)(2), and 6(a) fraud claims against Defendant in connection with properties identified in the complaint as the "Markham property" and "Euro-American property." Defendants argue that Plaintiff had failed to plead sufficient factual detail to establish Counts III, IV, V, and VI because (1) Defendant Saad Sindhu's ownership interests, and the value of any such purported ownership interests, were not identified; and (2) Plaintiff did not identify the consideration received in exchange for the transfer of Saad Sindhu's ownership interests.

*1. Markham Properties: Counts III and IV*

Plaintiff alleges that Saad Sindhu owned and received rent and revenue checks from the Markham property, which Saad Sindhu transferred to Noor Holdings, Inc., a company owned by

9

Sadia Sindhu. Plaintiff alleges that the transfer occurred in June 2011, almost a year after judgment was entered against Saad Sindhu. Plaintiff claims the Markham property was valued between $2.25 and $3.2 million, but that Sadia Sindhu paid nothing for the property or that Saad Sindhu provided Sadia Sindhu with the money to purchase the property. Plaintiff additionally claims that at the time of the Markham property transfer, Saad Sindhu was or became insolvent and was left with debts beyond his ability to pay as they became due.

In addition to establishing fraud under §§ 5(a)(2) and 6(a), Plaintiff has also sufficiently alleged factors that support its claim that Defendants had actual intent to defraud under § 5(a)(1): (1) the transfers were made to an insider, Defendant Saad Sindhu's sister; (2) the transfers were concealed by Defendants during asset discovery testimony; (3) the transfers occurred after suit by the creditor; (4) the value of the consideration received by Saad Sindhu was not reasonably equivalent to the value of the Markham properties; and (5) Saad Sindhu was or had become insolvent shortly after the transfer of the Markham properties. § 740 ILCS 160/5(b).

Defendants argue that Plaintiff has failed to identify the consideration received in exchange for the transfer of Saad Sindhu's ownership interests. Plaintiff sufficiently alleges that Saad Sindhu received no consideration which was not reasonably equivalent to the value of the property transferred. Plaintiff does not need to allege any facts regarding the reasonable equivalent value of the Markham properties to establish a § 5(a)(1) claim. Plaintiff has sufficiently alleged claims under §§ 5(a)(1), 5(a)(2) and 6(a). Accordingly, Defendants' motion to dismiss Counts III and IV is denied.

*2. Euro-American Properties: Counts V and VI*

Defendants argue that Plaintiff failed to plead sufficient factual detail to establish (1) Saad Sindhu's ownership interests and the value of any such purported interests; and (2) the value of consideration received in exchange for any alleged transfer of interests.

Plaintiff alleges that Sadia Sindhu is now the owner of the Euro-American property, referring to a Hardee's restaurant and related commercial facilities in Mount Vernon, Illinois, and that the property was transferred to her at some point after the judgment against Saad Sindhu. Plaintiff claims that the property was valued in excess of $2 million, but that Sadia Sindhu did not pay a reasonable value for the asset and may have paid nothing at all. Plaintiff alleges that Saad Sindhu owned all stock in the Euro-American property, received all rent checks from the property, and enjoyed ownership benefits prior to the August 2010 judgment. Plaintiff alleges that after judgment was entered against Saad Sindhu, Saad Sindhu endorsed rent checks generated by Euro-American property over to Sadia Sindhu, who then had these checks deposited into her account. Plaintiff alleges that Saad Sindhu was or became insolvent at the time the Euro-American property was transferred to Sadia Sindhu.

While Plaintiff alleges that ownership was transferred to Sadia Sindhu, Plaintiff's complaint fails to identify Saad Sindhu as the previous owner of Euro-American property or that it was he who transferred the property to Sadia Sindhu. Consequently, Counts V and VI are dismissed without prejudice to the extent Plaintiff's claim against Saad Sindhu is for fraudulent transfer of the Euro-American property.

However, Plaintiff's claim survives under §§ 5(a)(1), (2), and 6(a) as to its allegation that, after judgment was entered against Saad Sindhu, Saad Sindhu transferred rent checks to Sadia Sindu and received no consideration in return. Even without knowing the precise value of the

11

rent checks, Plaintiff has sufficiently alleged that Saad Sindhu did not receive a reasonably equivalent value in exchange. Additionally, Plaintiff has alleged that Saad Sindhu was insolvent at the time of the transfers and had incurred debts beyond his ability to pay as they came due.

Plaintiff also adequately alleges that Defendants committed a fraudulent transfer of rent checks under § 5(a)(1) by acting "with actual intent to hinder, delay, or defraud any creditor of the debtor." Plaintiff alleges several factors under § 5(b), including: (1) the transfers were made to an insider, Defendant Saad Sindhu's sister; (2) the transfers were concealed by Defendants during asset discovery testimony; (3) the transfers occurred after suit by the creditor; (4) Saad Sindhu received no consideration for transfer of the rent checks; and (5) Saad Sindhu had become insolvent before and remained insolvent while transferring the rent checks. 740 ILCS § 160/5(b).

Defendants' motion to dismiss Counts V and VI is granted in part and denied in part.

### V. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is denied in part and granted in part. Defendants' motion to dismiss Counts I, II, III, and IV is denied. Counts V and VI are dismissed in part without prejudice.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: July 29, 2014